IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00653-GPG

CHRISTABLE E. SEYMORE,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER CLERK OF THE COURT STATE OF COLORADO,
KAREN MCGOVERN, Public Defender/Office, and
STATE FOR THE DISTRICT OF COLORADO,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Christable E. Seymore, is detained at the Denver County Jail. He has submitted, *pro se*, a Prisoner Complaint asserting claims under 42 U.S.C. § 1983 for deprivation of his constitutional rights. (ECF No. 1).

    Mr. Seymore has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsections (e)(2)(B)(i) of § 1915 require a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe Mr. Seymore's Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, this

action will be dismissed.

Mr. Seymore's allegations are largely incomprehensible. However, Plaintiff appears to assert that one or more convictions and sentences imposed by the Denver District Court or the Denver County Court violated his federal due process rights. He further asserts that the wrongful prosecution(s) were, in part, the result of the ineffective assistance of counsel. For relief, Plaintiff requests damages, removal of a felony conviction from court records, and "correction of his CBI report." (ECF No. 1, at 19).

Plaintiff's § 1983 action is premature. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

On April 2, 2015, Magistrate Judge Gallagher issued an Order directing Plaintiff to show cause, within 30 days, why this action should not be dismissed under the rule of *Heck*. (ECF No. 6). Mr. Seymore was thereafter granted an extension of time, until June 8, 2015, to respond to the Order to Show Cause. (ECF No. 8). Plaintiff has not filed a response to date, nor has he communicated with the Court since April 21, 2015.

Because Mr. Seymore has not shown that the state district or county court convictions or sentences have been invalidated, his § 1983 claims are barred by *Heck*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (reaffirming that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). A dismissal under *Heck* is without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir.1996).

Mr. Seymore may initiate a habeas corpus action under 28 U.S.C. § 2254 to challenge the validity of his state court convictions or sentences. However, Mr. Seymore is reminded that he has already filed one § 2254 Application in this Court, challenging his conviction and sentence in Denver District Court No. 03CR5034. *See Christable Seymore v. Denver County Jail, et al.*, Civil Action No. 15-cv-00024-GPG. That action was dismissed with prejudice as time-barred. (*Id.*). Applicant may not file a successive § 2254 petition challenging the same state court conviction unless he receives authorization from the United States Court of Appeals for the Tenth Circuit allowing this Court to consider a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Furthermore, if Applicant initiates a new habeas corpus action (that is not successive), he must comply with the AEDPA one-year limitation period set forth in 28 U.S.C. § 2244(d), and must first exhaust available state court remedies. *See* 28 U.S.C. § 2254(b). Accordingly, it is

ORDERED that the Complaint filed by Plaintiff, Christable E. Seymore, and this action, are DISMISSED WITHOUT PREJUDICE pursuant to the rule of *Heck.* It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Seymore files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the

United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED June 16, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court